IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SAMUEL GALINDO,

        Plaintiff,

    v.                          CASE NO.  13-3084-SAC

UNITED STATES
OF AMERICA, et al.,

        Defendants.

## **O R D E R**

This pro se civil complaint was filed by an inmate of the Sedgwick County Jail, Wichita, Kansas. Plaintiff claims that he was assaulted by an officer employee of the Butler County Jail (BCJ) while he was an inmate there. He seeks to have charges filed against the officer. Plaintiff has not satisfied the filing fee prerequisite. The court further finds that the complaint is deficient in several ways. Plaintiff is given time to satisfy the fee and cure the deficiencies in his complaint. If he fails to comply within the prescribed time, this action may be dismissed without further notice.

**FILING FEE**

The fee for filing a civil rights complaint is $400.00, which includes the statutory fee of $350.00 plus the $50.00 administrative fee; or $350.00 for one granted leave to proceed in forma pauperis. Plaintiff has neither paid the fee nor submitted a motion to proceed

1

without Prepayment of Fees.  This action may not proceed until the filing fee is satisfied in one of these two ways.  Plaintiff is given time to satisfy the filing fee.  He is forewarned that if he fails to satisfy the fee as ordered within the prescribed time, this action may be dismissed without prejudice and without further notice.

28 U.S.C. § 1915 requires that a prisoner seeking to bring an action without prepayment of fees submit a motion on court-approved forms that contains an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).

Plaintiff is reminded that under § 1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve him of the obligation to pay the full amount of the filing fee.  Instead, it entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as funds become available pursuant to 28 U.S.C. § 1915(b)(2).[1]

**COMPLAINT MUST SUBMITTED ON FORMS**

---

[1] Pursuant to § 1915(b)(2), the Finance Office of the facility where plaintiff is currently confined will be authorized to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's institution account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

2

Local court rule requires that civil complaints be submitted upon court-approved forms. The clerk is directed to send forms to plaintiff and he is required to submit his complaint upon those forms.

**<u>FAILURE TO STATE A CLAIM FOR RELIEF</u>**

Plaintiff's complaint and exhibit indicate the following factual background for this complaint. On March 6, 2013, Mr. Galindo had just filled a cup with coffee when defendant Preston, a correctional officer at the BCJ, yanked the cup away. Mr. Galindo was angry because plaintiff got the water when ordered to lockdown. Plaintiff was burned with hot water and suffered pain as a result. Mr. Galindo apparently refused to lock down after this incident and was punished as a result. Plaintiff filed a form 9 on the date of the incident stating he would like to file charges, but it was not resolved.

In his form complaint, plaintiff must cure several defects that are apparent from his original pleading. First, the initiation of criminal charges against an individual is not relief that is available in a civil rights action. Plaintiff does not request any other relief. Accordingly, he is not entitled to the relief he seeks and the action is subject to being dismissed on this basis.

Second, plaintiff names the United States as defendant but states no basis for holding the United States liable. His complaint is based upon an alleged incident involving defendant Preston. No

3

personal participation is alleged in the burning incident by the United States or any of its employees in the U.S. Marshal Service. The failure of the USMS to respond to his complaint after the incident, even if true, does not show its personal participation in the event that plaintiff claims violated his constitutional rights. Personal participation is a necessary element of a § 1983 claim.

Finally, plaintiff's own allegations indicate that he has not properly and fully exhausted all administrative remedies upon his claim. In his form complaint, he must describe all steps he took to exhaust the available administrative remedies prior to filing this action. Filing a form 9 grievance is not sufficient when other steps are available.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to satisfy the filing fee requirement by either paying the fee of $400.00 or submitting a properly completed and supported motion for leave to proceed without fees on court-approved forms.

**IT IS FURTHER ORDERED** that within the same thirty-day period plaintiff must submit his complaint upon court-approved forms and in his form complaint must cure the deficiencies discussed herein.

The clerk is directed to send 1983 and IFP forms to plaintiff.

**IT IS SO ORDERED.**

Dated this 12th day of June, 2013, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge